```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
```

LIME FRESH MEXICAN GRILL, INC.,            )
a Florida corporation,                     )
                                           )
            Plaintiff,                     )
                                           )
    vs.                                    )
                                           )
THE LIME TRUCK, LLC,                       )
a California limited liability company;    )
JASON QUINN, an individual; and            )
DANIEL SHEMTOB, an individual,             )
                                           )
            Defendants.                    )
_____)

## COMPLAINT

COMES NOW the Plaintiff, LIME FRESH MEXICAN GRILL, INC., a Florida corporation ("LFMG" or "Plaintiff"), and complains against Defendants, THE LIME TRUCK, LLC, JASON QUINN, and DANIEL SHEMTOB (collectively "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§1114 and 1125(a), for trademark infringement, false designation of origin, false description or representation, and related unfair competition.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(a) and 1338(b).

3. Upon information and belief, jurisdiction is proper in that:

a. Defendants have operated, conducted, engaged in, or carried on a business venture in this State, and the Southern District of Florida, from which this action arises, within the meaning of Fla. Stat. §48.193(1)(a); or

b. Defendants have committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein, within the meaning of Fla. Stat. §48.193(1)(b); or

c. Defendants have caused injury to the property of Plaintiff within this state, and the Southern District of Florida, namely Plaintiff's trademarks and other intellectual property rights as set forth herein, arising out of acts or omissions by Defendants outside of this state, while, at or about the time of the injury the Defendants were engaged in solicitation or service activities within this State, and the Southern District of Florida, within the meaning of Fla. Stat. §48.193(1)(f)(1).

4. Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim, including the "passing off" of the infringing services, occurred in the Southern District of Florida. Venue is also proper under 28 U.S.C. §1391(b) because, upon information and belief, a substantial part of property that is the subject of the action is situated in the Southern District of Florida.

**THE PARTIES**

5.   Plaintiff is a corporation duly organized and existing under the laws of Florida, with its principal place of business at 1396 Bay Drive, Miami Beach, Florida 33141.

6.   Upon information and belief, Defendant The Lime Truck, LLC ("TLT") is a limited liability company, duly organized and existing under the laws of California, with its principal place of business at 18665 Via Torino, Irvine, California 92603.

7.   Upon information and belief, Defendant Jason Quinn is an individual residing in California and, at all relevant times hereto, was a principal and/or Executive Chef of Defendant TLT, and has personally directed, controlled, ratified, participated in and/or has been the moving force behind the infringing activities of Defendant TLT.

8.   Upon information and belief, Defendant Daniel Shemtob is an individual residing in California, and at all relevant times hereto, was the Chief Executive Officer of Defendant TLT, and has personally directed, controlled, ratified, participated in and/or has been the moving force behind the infringing activities of Defendant TLT.

**PLAINTIFF'S "LIME" TRADEMARKS**

9. Plaintiff owns and operates restaurants specializing in Mexican food.

10. Since long prior to the acts of Defendants complained of herein, Plaintiff adopted and used the inherently distinctive designation and trademarks "LIME FRESH MEXICAN GRILL", "LIME FRESH MEXICAN GRILL and Design", "LIME", and "LIME and Design" for use in connection with its restaurant services (Plaintiff's "'LIME' Marks").

11. Since their adoption, Plaintiff has continuously used its "LIME" Marks in interstate commerce for and in connection with such services and has not abandoned these marks.

12. Plaintiff has obtained U.S. Trademark Registration No. 3,928,502 for "LIME,"; U.S. Trademark Registration No. 3,867,367 for "LIME and Design"; and U.S. Trademark Registration No. 3,054,007 for "LIME FRESH MEXICAN GRILL" for use in connection with "take-out restaurant services and restaurant services" in International Class 043 ("Plaintiff's Registrations"). See Composite Exhibit A hereto.

13. Plaintiff's Trademark Registration No. 3,054,007 is now incontestable in accordance with §§15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065 and 1115(b). See Composite Exhibit A hereto.

14. Since long prior to the acts of Defendants complained of herein, Plaintiff has expended much money, time, and effort in advertising, promoting, and marketing the services offered under the "LIME" Marks.

4

15. Since long prior to the acts of Defendants complained of herein, the Plaintiff's "LIME" Marks have been readily recognizable by the public as associated exclusively with Plaintiff and have achieved a secondary meaning to the consuming public.

16. The Plaintiff's "LIME" Marks have been in continuous use in U.S. commerce since their adoption and first use in the U.S. commerce.

**DEFENDANT'S INFRINGING ACTIVITY**

17. Long subsequent to Plaintiff's adoption and use of the Plaintiff's "LIME" Marks in commerce, Defendants, upon information and belief, began offering mobile food and catering services using the name or mark "LIME" and a confusingly similar "Lime" logo (the "Accused Marks"). The Accused Marks are prominently displayed on the "Lime" truck and Defendants' [www.thelimetruck.com](www.thelimetruck.com) website. See Exhibit B attached hereto.

18. Long subsequent to the first use and consumer recognition of Plaintiff's "LIME" Marks, and upon information and belief, with full knowledge of same, and appurtenant rights, Defendants also engaged in a marketing campaign, including a website with the [www.thelimetruck.com](www.thelimetruck.com) domain name on the internet, utilizing the Accused Marks, all with intent to deceive and confuse consumers and divert sales from Plaintiff.

19. Defendants are one of eight teams being featured on season two of The Food Network's reality series and competition

entitled "The Great Food Truck Race" hosted by celebrity chef Tyler Florence. "The Great Food Truck Race" series, the participants and Defendants' "Lime" truck are promoted on the Food Network's website.

20. Each week of the competition, the food trucks drove to a different city across the United Stated to prepare, promote and sell their food. The lowest earner each week was eliminated from the competition.

21. The series finale of "The Great Food Truck Race" took place and was filmed June 3-6, 2011 in Miami, Florida where the food truck serving the most meals in various locations in Miami would be declared the winner earning the $100,000 prize.

22. Defendants were one of the two finalists and drove their "Lime" truck to Miami, Florida for the finale.

23. On June 4, 2011, Defendants parked their "Lime" truck approximately one mile from one of Plaintiff's LIME locations where they advertised the Accused Marks, offered for sale and sold food under the Accused Marks from their "Lime" truck.

24. On June 5, 2011, Defendants parked their "Lime Truck" just yards from another of Plaintiffs' LIME locations where they advertised the Accused Marks, offered for sale and sold food under the Accused Marks from their "Lime" truck.

25. On June 6, 2011, Defendants parked their "Lime Truck" less than two miles from a third LIME location where they advertised the Accused Marks, offered for sale and sold food under

the Accused Marks from their "Lime" truck.

26. As a result of the filming of "The Great Food Truck Race", the widespread publicity surrounding the competition and filming of same, and the parking of the "Lime" truck in close proximity to three of Plaintiff's LIME locations in Miami, Florida, Plaintiff experienced numerous instances of actual confusion between Plaintiff's LIME Marks and Defendants' "Lime" truck.

27. Upon information and belief, Defendants have enjoyed and continue to enjoy financial gain and profit from the sale and marketing of the services that utilize the Accused Marks.

28. Upon information and belief, Defendants were well aware and, since long prior to the acts of Defendants complained of herein, have been well aware of Plaintiff's use and ownership of Plaintiff's "LIME" Marks and Registrations.

29. Upon information and belief, Defendants have been well aware that Plaintiff's "LIME" Marks are widely recognized and relied upon by the public and the trade as identifying Plaintiff, and its services.

30. Notwithstanding that knowledge, and indeed by reason of such knowledge, Defendants thereafter engaged in, and it is believed will continue to engage in, a deliberate and willful scheme to trade upon and to misappropriate for themselves the goodwill represented and symbolized by the Plaintiff's "LIME" Marks through the marketing and offering of competing services bearing the Accused Marks in U.S. commerce.

31. The acts of Defendants complained of herein constitute willful and intentional infringement, are in total disregard of Plaintiff's rights, and were commenced and it is believed will continue in spite of Defendants' knowledge that their use of the Accused Marks is in direct contravention of Plaintiff's rights.

32. Defendants' aforesaid use of the Accused Marks is designed and is calculated to and is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of Defendants' services and to cause them to falsely believe that said services are the services of Plaintiff, or are sponsored, licensed, authorized, or approved by Plaintiff, all to the detriment of Plaintiff and the public.

33. The use by Defendants of the Accused Marks is without the consent, license, or permission of Plaintiff.

34. Plaintiff has been damaged by Defendants' acts of infringement.

35. Defendants' aforesaid acts have caused and will continue to cause substantial and irreparable injury to Plaintiff unless such acts are restrained by this Court.

36. Plaintiff has no adequate remedy at law.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114(1)

37. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. With full knowledge and awareness of Plaintiff's

ownership and prior use of Plaintiff's "LIME" Marks and Registrations, Defendants have willfully used, are using, and will continue to use the Accused Marks on identical or related services for which Plaintiff's Trademark Registrations issued, in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

39. Defendants' acts constitute infringement, use of a confusingly similar mark, and use of a spurious mark which is identical with, or substantially indistinguishable from, Plaintiff's Marks, in violation of and pursuant to 15 U.S.C. §1114.

40. Defendants' acts have harmed Plaintiff's reputation, severely damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff, and create the impression that Plaintiff is an infringer when in fact Defendants are the infringer.

41. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

42. Plaintiff has no adequate remedy at law.

### COUNT II
### FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION
### AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)

43. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

44. Defendants' intentional and unlawful use in commerce of the Accused Marks constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiff, or as to origin, sponsorship or approval of Defendants' services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

45. Defendants' aforesaid acts and use of the Accused Marks constitute unfair competition and false designation and/or false description of origin in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

46. Defendants' aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

47. Plaintiff has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays:

A. That this Court will adjudge that the Plaintiff's "LIME" Marks and Registrations have been infringed as a direct and proximate result of the willful acts of Defendants as set forth in

this Complaint, including Defendants' use of the Accused Marks in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq.

B.   That this Court will adjudge that Defendants have competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C.   That Defendants, and all officers, directors, agents, servants, employees, attorneys, successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

   1) From using the Plaintiff's "LIME" Marks, the Accused Marks, the term "LIME", the Lime logo, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods or services;

   2) From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized services of Defendants, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the services of Plaintiff are inferior to, copies of,

11

infringing of or imitations of the services of Defendants, or that Defendants' services are the first or original such services;

3) From infringing the Plaintiff's "LIME" Marks and Registrations;

4) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendants and Plaintiff, or their respective services;

5) From falsely representing themselves or their affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade and/or members of the purchasing public to believe that Defendants or its affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendants or infringing upon any mark of the Defendants in the use of Plaintiff's "LIME" Marks;

6) From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendants including, without limitation, restaurant services, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services; and

D. That Defendants be required to recall and deliver up for destruction all goods, labels, signs, prints, packages, wrappers,

inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendants, or third party advertisers of Defendants' services which bear claims found by this Court to be false and/or misleading in violation of 15 U.S.C. §1125(a)(1)(B).

E. That Plaintiff recover Defendants' profits and the damages of Plaintiff arising from Defendants' acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

F. That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

G. That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

H. That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

I. That Plaintiff have and recover its reasonable attorney's fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117 and as otherwise authorized.

J. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

K. That Plaintiff have and recover such further relief as

the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: June 10, 2011

                        Respectfully submitted,

By:  s/Meredith Frank Mendez
      John Cyril Malloy, III
      Florida Bar No. 964,220
      jcmalloy@malloylaw.com
      Peter Matos
      Florida Bar No. 992,879
      pmatos@malloylaw.com
      Meredith Frank Mendez
      Florida Bar No. 502,235
      mmendez@malloylaw.com
      MALLOY & MALLOY, P.A.
      2800 S.W. Third Avenue
      Miami, Florida  33129
      Telephone (305) 858-8000
      Facsimile (305) 858-0008

      Attorneys for Plaintiff